# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**TERRY WAYNE ALLEN,**

        **Plaintiff,**

**-vs-**                                      **Case No. 6:07-cv-1188-Orl-22UAM**

**UNITED STATES OF AMERICA, GERRY MONTALVO, and BRIAN PHILLIPS,**

        **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION TO PROCEED IN FORMA PAUPERIS (Doc. No. 2)** |
| **FILED:** | **July 19, 2007** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED** without prejudice.

    Pro se prisoner, Terry Wayne Allen, has filed a civil action seeking: (1) the return of forfeited property pursuant to Fed. R. Crim. P. 41(g) or alternately as a civil proceeding for equitable relief; (2) for damages against DEA agent Gerry Montalvo individually for alleged improprieties in seizing the property that was forfeited; and (3) for damages against attorney Brian Phillips, who represented Allen in his criminal proceedings, for negligence and breach of fiduciary duty. Docket 1 at 1-2. All of these claims stem from the case of *United States v. Terry Wayne Allen*, United States District Court,

Middle District of Florida, 5:00-cr-28-JA-KRS ("the criminal action" or "U.S. v. Allen"). For the reasons set forth below, the Court recommends that the motion to proceed *in forma pauperis* be denied without prejudice, that Montalvo and Phillips be dismissed from the complaint, and that Allen be required to amend his complaint against the United States.

I. **THE LAW**

   A. **The Statute and Local Rules**

The United States Congress has required that the district court review[1] a civil complaint filed *in forma pauperis*, and shall dismiss a complaint that is frivolous, malicious, or fails to state a claim. *See* 28 U.S.C. § 1915. The mandatory language applies to all proceedings *in forma pauperis*. The statute provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
>   (A) the allegation of poverty is untrue; or
>   (B) the action or appeal —
>     (i) is frivolous or malicious;
>     (ii) fails to state a claim on which relief may be granted; or
>     (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915 (e)(2)(2003).

The Local Rules of the United States District Court for the Middle District of Florida also govern proceedings *in forma pauperis*. *See* Local Rule 4.07. Pursuant to Local Rule 4.07 (a), the Clerk dockets, assigns to a judge, and then transmits to the judge cases commenced *in forma pauperis*.

---

[1] Section 1915A of 28 U.S.C. requires the district court to screen only prisoner's complaints. Nevertheless, the district court screens other complaints pursuant to 28 U.S.C. § 1915 (e)(2) and Local Rule 4.07 (a).

Local Rule 4.07 (a). The district court assigns to United States Magistrate Judges the supervision and determination of all civil pretrial proceedings and motions. Local Rule 6.01 (c)(18). With respect to any involuntary dismissal or other final order that would be appealable if entered by a district judge, the United States Magistrate Judge may make recommendations to the district judge. *Id.* The Court may dismiss the case if satisfied that the action is frivolous or malicious under 28 U.S.C. § 1915, or may enter such other orders as shall seem appropriate. Local Rule 4.07 (a).

### B.   Discretion Under 28 U.S.C. § 1915

Section 1915 grants broad discretion to the district courts in the management of *in forma pauperis* cases, and in the denial of motions to proceed *in forma pauperis* when the complaint is frivolous.² *Clark v. Ga. Pardons and Paroles Board*, 915 F.2d 636, 639 (11th Cir. 1990); *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984). The pauper's affidavit should not be a broad highway into the federal courts. *Phillips*, 746 F.2d at 785; *Jones v. Ault*, 67 F.R.D. 124, 127 (S.D.Ga.1974), *aff'd without opinion*, 516 F.2d 898 (5th Cir. 1975). Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action which is totally without merit. *Phillips*, 746 F.2d at 785*; Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979).

### C.   Frivolous and Malicious Actions Under 28 U.S.C. § 1915 (e)(2)(B)(i)

A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight. *Clark v. Ga. Pardons and Paroles Board*, 915 F.2d 636, 639 (11th Cir. 1990). The trial court must

---

²At least one court of appeals views the Prisoner Litigation Reform Act of 1996 as removing some of a district court's discretion because it requires the district court to dismiss a case if it determines that the action or appeal is frivolous, malicious, or fails to state a claim under 28 U.S.C. § 1915 (e)(2). *See Walp v. Scott*, 115 F.3d 308 (5th Cir. 1997).

determine whether there is a factual and legal basis, of constitutional or statutory dimension, for the asserted wrong. *Clark*, 915 F.2d at 639 (11th Cir. 1990). A district court should order a § 1915 dismissal only when a claim lacks an arguable basis in law. *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). Claims may lack an arguable basis in law because of either factual or legal inadequacies. *Id.*

### 1. **Frivolous Factual Allegations**

Factual allegations are frivolous for the purpose of § 1915 when they are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 -33 (1992), citing *Neitzke v. Williams*, 490 U.S. 319, 325-28 (1989). The district court may dismiss even meritorious legal theories under § 1915 if the factual allegations in the complaint are "clearly baseless." *Denton*, 504 U.S. at 32 - 33. Also, factual allegations in the complaint may be "clearly baseless" if they are contradicted by other allegations in the complaint. *Battle v. Central State Hosp.*, 898 F.2d 126, 130 n.3 (11th Cir. 1990), *aff'd without opinion after remand*, 114 F.3d 1200 (11th Cir. 1997).

Unsupported conclusory factual allegations also may be "clearly baseless." For example, a district court may properly dismiss a § 1983 complaint as frivolous pursuant to § 1915 where the complaint makes no particularized showing -- and provides no supporting operative facts -- in support of the naked assertion of a conspiracy between a state judge and private defendants. *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984) (insufficient state nexus under § 1983 without conspiracy); *accord, Sooner Products Co. v. McBride*, 708 F.2d 510, 512 (10th Cir. 1983). In *Phillips*, the Court of Appeals reasoned that the *in forma pauperis* plaintiff must provide an adequate basis for believing that such a conspiracy existed before the district court is required to compel the defendants to answer. *Phillips*, 746 F.2d at 785. This is necessary to protect the courts, state officials, and private defendants from malicious or frivolous suits filed by plaintiffs who lack an economic

incentive to refrain from filing them.  *Phillips*, 746 F.2d at 785 *citing Cruz v. Beto*, 405 U.S. 319, 326 - 27 (1972); *accord, Denton*, 504 U.S. at 33.

If a complaint presents an arguable basis in law and asserts something other than fanciful factual allegations, the district court may not dismiss an action until the court has conducted a sufficient inquiry to determine whether the plaintiff's realistic chances of ultimate success are slight. *Clark*, 915 F.2d at 639;  *Moreland v. Wharton*, 899 F.2d 1168, 1169 - 70 (11th Cir. 1990).  To do otherwise -- i.e., to allow for *sua sponte* dismissal of *in forma pauperis* cases that present arguable legal or factual questions -- would be to condone differential judicial treatment of cases based solely on whether a litigant files a complaint accompanied by a filing fee or by an affidavit of indigence.  *See Battle v. Central State Hosp.*, 898 F.2d 126, 129 (11th Cir. 1990).  If plaintiff's chances of ultimate success remain slight after sufficient inquiry, the district court may then amply protect a nonprofessional pro se litigant by dismissing his suit without prejudice, and by allowing him to file a new complaint *in forma pauperis* that alleges sufficient facts to substantiate his claim.  *Phillips*, 746 F.2d at 785.

### 2.     **Frivolous Legal Theories**

Legal theories are frivolous when they are "indisputably meritless." *Neitzke*, 490 I/S/ at 329*; Battle v. Central State Hosp.*, 898 F.2d 126, 129 (11th Cir. 1990).  Section 1915 authorizes the dismissal of "claims of infringement of a legal interest which clearly does not exist." *See Neitzke*, 490 U.S. at 327.

The district court may dismiss a complaint under § 1915 even if it states a claim for relief.[3] *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639-40 (11th Cir. 1990); *Jones v. Bales*, 58 F.R.D. 453, 463-64 (N.D. Ga. 1972), *aff'd for reasons stated in district court order*, 480 F.2d 805 (5th Cir. 1973); *see also Neitzke v. Williams*, 490 U.S. 319, 326 - 29 (1989) (Rule 12 (b)(6) and former section 1915 (d) serve distinctive goals). It is an abuse of discretion, however, to conclude that an *in forma pauperis* case is frivolous -- realistically has no better than a slight chance of success -- because of weaknesses on the face of the complaint as long as the complaint presents an arguable basis in law and fact. A complaint which states a claim for the purposes of Rule 12 (b)(6) -- that is, one clearly having a basis in law -- may still be frivolous if it lacks an arguable basis in fact, for example, asserting fantastic facts. *Clark*, 915 F.2d at 639.

Even if the complaint legally states a claim, and the facts are not fantastic, a district court may nevertheless dismiss on grounds of frivolousness. For example, a §1915 dismissal is appropriate if an affirmative defense would defeat the action. *Clark*, 915 F.2d at 640. Also, the absolute immunity of the defendant would justify the dismissal of a claim as frivolous. *See Clark*, 915 F.2d at 640; *Fuller v. Ga. State Bd. of Pardons and Paroles*, 851 F.2d 1307, 1310 (11th Cir. 1988) (parole board members entitled to absolute quasi-judicial immunity from suit for damages); *Patterson v. Aiken*, 628 F. Supp. 1068, 1072 (N.D. Ga. 1985), *aff'd without opinion*, 784 F.2d 403 (11th Cir. 1986) (*in forma pauperis* complaint against federal district judges dismissed as frivolous because of absolute

---

[3]The analysis for a dismissal for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915 (e)(2)(B)(ii) is somewhat different from the analysis for a dismissal as frivolous under 28 U.S.C. § 1915 (e)(2)(B)(i). The language of § 1915 (e)(2)(B)(ii) tracks the language of Fed. R. Civ. P. 12 (b)(6), so the courts view the allegations in the complaint as true when assessing failure to state a claim under § 1915 (e)(2)(B)(ii). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). A judge performing an examination for frivolity under § 1915 (e)(2)(B)(i), however, is not required to assume the truth of the allegations. *See Cofield v. Ala. Public Service Comm'n*, 936 F.2d 512, 515 (11th Cir. 1991).

immunity); *Kimble v. Beckner*, 806 F.2d 1256, 1257 (5th Cir. 1986) (*in forma pauperis* suit against judge, prosecutor, and witnesses dismissed based on immunity given judicial officers); *see also Crisafi v. Holland*, 655 F.2d 1305, 1308 (D.C.Cir. 1981); *Franklin v. State of Oregon*, 563 F. Supp. 1310, 1324, 1332-33 (D. Ore. 1983), *aff'd in part and rev'd in part,* 745 F.2d 1221 (9th Cir. 1984). Res judicata and collateral estoppel are other affirmative defenses which justify dismissal of a claim as frivolous. See *Patterson*, 628 F. Supp. at 1076; *Wilson v. Lynaugh*, 878 F.2d 846 (5th Cir. 1989) (complaint dismissed because it reasserts allegations litigated in previous suit), *cert. denied,* 493 U.S. 969 (1989). The expiration of the statute of limitations is an affirmative defense the existence of which warrants a dismissal as frivolous. *See Franklin*, 563 F. Supp. at 1330, 1332. When the defense is apparent from the face of the complaint or the court's records, courts need not wait and see if the defense will be asserted in a defensive pleading. *Clark*, 915 F.2d at 640.

If an action seeks only money damages, and the Court knows that the defendant is judgment proof, a § 1915 dismissal might be appropriate. *Clark*, 915 F.2d at 641. If others had recently litigated an identical claim unsuccessfully, the district court may enter a § 1915 dismissal. It is possible that the district court may use § 1915 to bar suit where alternative remedies exist, even if these remedies might not ordinarily have to be exhausted to state a claim. *Id.* If a plaintiff has a long history of bringing unmeritorious litigation, the district court can consider that fact in deciding to dismiss a questionable claim. *See Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989); *Wilson*, 878 F.2d at 849; *Franklin*, 563 F. Supp. at 1324.

**II.     APPLICATION**

    **A.     <u>Claim for Return of Forfeited Property</u>**

The instant civil action is Allen's second attempt to recover the 1987 Lowboy Trailer, 1996 Ford L9000 Dump Truck, and 1988 John Deere Front End LoaderLoader[4] ("the property") that were forfeited as part of the criminal proceedings against him. In this action, Allen alleges the Court made procedural errors in forfeiting his property in the criminal action and that the property, therefore, should be returned to him pursuant to Fed. R. Crim. P. 41(g).

Judgment in the criminal action was entered on April 2, 2002, and did not contain a forfeiture provision. Complaint, ¶ 16; *U.S. v. Allen*, Docket 154. 4. The judgment was amended on September 5, 2002, to include forfeiture of $220,000. Complaint, ¶ 18; *U.S. v. Allen*, Docket 178. On direct appeal, the United States Court of Appeals for the Eleventh Circuit affirmed the judgment on February 6, 2003. *U.S.*, Docket 201.

On February 27, 2003, the Court granted the government's motion to substitute forfeiture of the property for the $220,000 judgment and the Court issued a supplemental preliminary order of forfeiture for the property. Complaint, ¶ 20; *U.S. v. Allen*, Docket 210, 211. Allen did not appeal this ruling.

In July 2003, Allen moved to "reverse forfeiture order" and dismiss the ancillary proceedings, arguing that the Court lacked jurisdiction under Rule 36 to enter the amended judgment. *U.S.*, Docket 266. The government responded that the motion was untimely and that the district court properly amended the judgment to reflect the orally pronounced sentence. In November 2003, the Court denied

---

[4] Although the complaint in the instant action identifies the John Deere Front End Loader as a 1998 model, there is no reference in the record to forfeiture of that model in the criminal action and the Court assumes that the complaint contains a typographical error.

Allen's motion. *U.S. v. Allen*, Docket 298. Allen appealed. *U.S. v. Allen*, Docket 299. In June 2004, the Court of Appeals vacated and remanded the appeal to district court to dismiss the motion for lack of jurisdiction. *U.S. v. Allen*, Docket 323.

On May 27, 2004, the Court granted the government's motion to vacate the forfeiture order only as to the 1988 John Deere Front End Loader. Complaint, ¶ 22; *U.S. v. Allen*, Docket 321. Allen contends that despite vacating the order of forfeiture, the 1988 John Deere Front End Loader was not returned. Complaint, ¶ 22.

On July 28, 2004, the Court issued a final order of forfeiture of the lowboy trailer and the dump truck. Complaint, ¶ 23; *U.S. v. Allen*, Docket 327. On June 24, 2005, Allen filed a motion pursuant to Fed. R. Crim. P. 41(g) for return of his property. *U.S. v. Allen*, Docket 333. In that motion, Allen argued that the equipment was unlawfully seized and retained prior to the court's entry of a Preliminary Order of Forfeiture. The Honorable Karla R. Spaulding issued a report and recommendation on the motion, and other motions, on June 7, 2006. *U.S. v. Allen*, Docket 350. Judge Spaulding recommended that the motion for return of property pursuant to Rule 41(g) be denied as untimely filed. The Honorable John Antoon, II adopted the report and recommendation on July 10, 2006. *U.S. v. Allen*, Docket 352.

      1.    **Fed. R. Crim. P. 41(g)**

*Res judicata* and collateral estoppel are affirmative defenses which justify dismissal of a claim as frivolous. See *Patterson*, 628 F. Supp. at 1076; *Wilson v. Lynaugh*, 878 F.2d 846 (5th Cir. 1989) (complaint dismissed because it reasserts allegations litigated in previous suit), *cert. denied,* 493 U.S. 969 (1989). Res judicata and collateral estoppel are separate and distinct doctrines. Res judicata refers to claim preclusion, whereas collateral estoppel refers to issue preclusion. *Christo v. Padgett,*

223 F.3d 1324 (11th Cir. 2000); *see* 18 Wright, Miller & Cooper, FEDERAL PRACTICE AND PROCEDURE: JURISDICTION 2D, § 4402 (1981). Res judicata attaches when the same cause of action is litigated between the same parties in consecutive cases. *Christo*, 223 F.3d at 1338 n.46. Under the rules of res judicata, when a plaintiff obtains a judgment, the effect of the judgment extends to the litigation of all issues relevant to the same claim between the same parties. *Id*. Res judicata acts as a bar not only to the precise legal theory presented in the previous litigation, but to all legal theories and claims that could have been asserted based on the "same operative nucleus of fact." *Id. See also, Hart v. Yamaha-Parts Distrib., Inc.,* 787 F.2d 1468, 1470-71 (11th Cir. 1986) (claim preclusion cannot be avoided by asserting a different theory in the subsequent case when the two cases were based on the same motorcycle accident).

Collateral estoppel or issue preclusion attaches when a subsequent litigation arises from a different cause of action. *Christo*, 223 F.3d at 1338. The prior judgment bars litigation only of those matters or issues common to both actions which were either expressly or by necessary implication adjudicated in the first. *Christo*, 223 F.3d at 1338 n.46. In order for collateral estoppel to apply, the following four elements must be satisfied: 1.) the issue at stake must be identical to the one involved in the prior litigation; 2.) that issue must have been actually litigated in the prior litigation; 3.) the determination of the issue in the prior litigation must have been necessary and essential to the judgment; and 4.) the party against whom collateral estoppel is asserted must have had a full and far opportunity to litigate the issue in the prior proceeding. *Pleming v. Universal-Rundle Corp.*, 142 F.3d 1354, 1359 (11th Cir. 1998); *Int'l Ass'n of Machinists & Aerospace Workers v. Nix*, 512 F.2d 125 (5th Cir. 1975).

To the extent Allen attempts to obtain return of his property pursuant to Fed. R. Crim. P. 41(g), the Court already has addressed this precise issue and denied relief. All four elements of the collateral estoppel doctrine are satisfied here. Because Allen is collaterally estopped from proceeding pursuant to Fed. R. Crim. P. 41(g), this theory of relief is frivolous.

### 2. **Equitable Relief**

Allen alternately requests that his claim for return of property be treated as a civil proceeding for equitable relief as recognized in *United States v. Martinez*, 241 F.3d 1329 (11th Cir. 2001). In *Martinez*, the court noted that the "decision to exercise equitable jurisdiction is highly discretionary and must be exercised with caution and restraint. . . . [J]urisdiction is appropriate only when the petitioner's conduct and the merits of his petition require judicial review to prevent manifest injustice." *Id*. at 1331 n.2 (citations omitted).

The courts have enumerated several factors to be considered in determining whether the exercise of equitable jurisdiction is appropriate. Those factors include:

> (1) whether the government agents seized the property in callous disregard for the constitutional rights of the petitioner; (2) whether the petitioner has an individual interest in and need for the material he seeks to have returned; (3) whether the petitioner would be irreparably injured by denial of the return of the property; and (4) whether the petitioner has an adequate remedy at law.

*In re the Matter of Sixty Seven Thousand Four Hundred Seventy Dollars ($67,470.00)*, 901 F.2d 1540, 1545 (11th Cir. 1990) (citations omitted). The courts also should consider whether return of the property would be returning the fruits of the crime, or otherwise result in a windfall to a convicted criminal. *See, United States v. Machado*, 465 F.3d 1301, 1307 (11th Cir. 2006).

There is no evidence that the government acted in callous disregard of Allen's rights. Allen was arrested subsequent to the issuance of an indictment and the property was seized incident to arrest. Following entry of the monetary judgment and after the government was unable to trace any funds held by Allen to satisfy the judgment, the government properly filed a motion with the Court to substitute the property for the monetary judgment. Allen has had ample opportunity in the criminal action to challenge both the initial seizure of the property incident to arrest and the substitution of the property for the monetary judgment. The Court of Appeals affirmed Allen's conviction and sentence, which included the monetary judgment. Allen failed to timely appeal the substitution of the property for the monetary judgment. An appeal in the criminal action provided an adequate remedy to redress any alleged procedural deficiencies that resulted in the forfeiture of his property. It would be improper for the Court to revisit these same issues now. Further, it is apparent that Allen lacks the funds to satisfy the monetary judgment. Return of the property under these circumstances would bestow a windfall upon Allen.

For these reasons, the undersigned recommends that the Court decline to exercise equitable jurisdiction over Allen's claims for return of the Lowboy Trailer and the Dump Truck as it is unnecessary to avoid manifest injustice. Allen, however, potentially may state a claim for return of the 1988 John Deere Front End Loader as the final order of forfeiture did not include this particular piece of property and Allen alleges that the government failed to return the property. The Court recommends that Allen be given the opportunity to amend his complaint to limit his claim to the return of the 1988 John Deere Front End Loader.

### B. Claims Against Gerry Montalvo

Allen seeks to sue DEA Agent Montalvo in his individual capacity for alleged violations of his right under the Fourth and Fifth Amendments of the United States Constitution, for civil theft under Florida law, and for conversion. Docket 1 at ¶¶ 2, 23. The underlying act leading to Allen's claims against Montalvo was Montalvo's seizure of his property incident to Allen's arrest on July 27, 2000. Docket 1 at ¶ 6.

Interpreting Allen's constitutional claims against Allen as being brought pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), Allen's claim is untimely. A *Bivens* action is subject to the same statute of limitations that would apply to a complaint brought pursuant to 42 U.S.C. § 1983. *Kelly v. Serna*, 87 F.3d 1235, 1238 (11th Cir.1996). The Supreme Court has directed that the state limitations period applicable to personal injury actions should be applied to all actions brought pursuant to § 1983. *Wilson v. Garcia*, 471 U.S. 261, 276, 280 (1985), *superceded by statute as recognized in Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 379-80 (2004). Where state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims "should borrow the general or residual statute for personal injury actions." *Owens v. Okure*, 488 U.S. 235, 249-50 (1989). Florida is a state with multiple statutes of limitations for personal injury actions, and Florida's residual limitations period is four years. Fla. Stat. § 95.11(3)(p). The statute of limitations for a *Bivens* claim brought in Florida, therefore, is four years.

The statute of limitations begins to run when the plaintiff knows or has reason to know he has been injured. *Mullinax v. McElhenney*, 817 F.2d 711, 716 (11th Cir.1987) (addressing cause of action under § 1983). In this case, Allen was aware of his injury on the date of his arrest when his

property was seized. Allen's complaint filed in this action on July 19, 2007, is more than four years from the seizure of his property on July 27, 2000. Allen, therefore, cannot proceed with his *Bivens* claim against Montalvo.

Similarly, Allen's claims brought pursuant to Florida law are time barred. The statute of limitations for civil theft pursuant to Fla. Stat. § 772.11 is five years. *B & P Liquors, Inc. v. Munder,* 654 So.2d 307 (Fla. 3d Dist. Ct. App. 1995).[5] The statute of limitations for conversion is four years. Fla. Stat. § 95.11(3)(h); *Feingold v. Am. Rack & Stack, Inc.*, 734 So.2d 479, 480 (Fla. 4th Dist. Ct. App. 1999). As Allen's complaint was filed nearly seven years after the allegedly tortious act, it is untimely.

### C.     Claim Against Attorney Brian Phillips

Allen retained attorney Brian Phillips to represent him in the criminal action. Docket 1 at ¶ 29. Allen contends that Phillips failed to provide effective assistance of counsel and that Phillips's representation was both negligent and a breach of fiduciary duty. Docket 1 at ¶¶ 28, 29.

On November 7, 2003, Allen filed a petition pursuant to 28 U.S.C. § 2255 claiming ineffective assistance of counsel claim. *Allen v. United States*, United States District Court, Middle District of Florida, Case No.6:03-cv-1803-Orl-28KRS, Docket 1. On October 20, 2004, the Court denied the petition and judgment was entered. *Id*. at Docket 37, 38. Allen filed a Notice of Appeal to the Eleventh Circuit and moved for a certificate of appealability. *Id*. at Docket 41, 42. On March 16, 2005, the Eleventh Circuit denied his motion for a certificate of appealability, finding that Allen had failed to make a substantial showing of the denial of a constitutional right. *Id*. at Docket 53.

---

[5] The Court also notes that the complaint fails to plead compliance with the statutory condition precedent of making a written demand to the person liable for the damages before filing suit. Fla. Stat. § 772.11(1).

Allen's claim against Phillips fails to state a cause of action.  A convicted criminal defendant must obtain appellate or postconviction relief as a precondition to maintaining a legal malpractice action.  *Steele v. Kehoe*, 747 So. 2d 931, 933 (Fla. 1999).  As detailed above, the Eleventh Circuit affirmed Allen's conviction and sentence, the district court denied Allen's Section 2255 petition and the Eleventh Circuit denied issuance of a certificate of appealability for his Section 2255 petition.  Although breach of fiduciary duty is a distinct claim from professional negligence, both are forms of malpractice.  *Chase v. Bowen*, 771 So.2d 1181, 1186 (Fla. 5th Dist. Ct. App. 2000) .  As Allen cannot satisfy the condition precedent to sue civilly for malpractice, he cannot state a *prima facie* case for either his breach of fiduciary duty or legal negligence claims against Phillips.[6]  Allen's claim against Phillips, therefore, is frivolous.

**IT IS RECOMMENDED THAT**

1.     The Court dismiss Gerry Montalvo and Brian Phillips from the action as the claims against them are frivolous;

2.     The Court deny without prejudice Allen's motion for leave to proceed *in forma pauperis*, and require Allen to amend his claim for equitable relief against the United States to limit his action to return of the 1988 John Deere Front End Loader.

---

[6] Alternate reasons for finding Allen's claims against Phillips are frivolous are: (1) the complaint was not filed within the two year statute of limitations. Fla. Stat. § 95.11(4)(a); *Schreiber v. Rowe*, 814 So.2d 396, 398 (Fla. 2002) (the statute of limitations in a malpractice action does not commence until the criminal defendant has obtained final appellate or postconviction relief); and (2) the Court's denial of Allen's § 2255 petition for ineffective assistance of counsel collaterally estops his legal malpractice claim. *Zeidwig v. Ward*, 548 So. 2d 209, 214 (Fla. 1989) ("where a defendant in a criminal case has had a full and fair opportunity to present his claim in a prior criminal proceeding, and a judicial determination is made that he has received the effective assistance of counsel, then the defendant/attorney in a subsequent civil malpractice action brought by the criminal defendant may defensively assert collateral estoppel").

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on August 13, 2007.

*Donald P. Dietrich*
DONALD P. DIETRICH
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Honorable Anne C. Conway
Unrepresented Party